**FILED**

FEB - 5 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALE B. ADAMS,                  )
                                       )
           Plaintiff,          )
                                         )
     v.                      )     Civil Action No.
                                       )
JOHN DOE, *et al.*,         )
                                       )     **13 0157**
           Defendants.     )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

Plaintiff purports to bring a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), seeking a declaratory judgment, injunctive relief, and monetary damages. Compl. at 1. The defendant is identified only as "John Doe," *id.* ¶ 5, and plaintiff "has no evidence of who harmed him," *id.* ¶ 13. Plaintiff "has no evidence of what a party did to him that he can present to the court," *id.* ¶ 8, nor has evidence of when, where, why or how a party harmed him, *see id.* ¶¶ 9-12. Although plaintiff "can't present his claims to the court," he asserts that "his complaint is viable as stated." *Id.* ¶ 14. Not so.

As drafted, the complaint fails to comply with Rule 8(a). The pleading contains neither a statement regarding this Court's jurisdiction nor a short and plain statement showing that plaintiff is entitled to relief. Accordingly, the Court will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

Rosemary M Colly

United States District Judge

DATE: 25 January 2013

2