# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEN RHEM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-0876 (RC) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Plaintiff, who is proceeding *pro se*, filed his complaint in the Superior Court of the

District of Columbia on February 8, 2015, and defendant removed the case on May 9, 2016.

This matter has come before the Court on Defendant's Motion to Dismiss [ECF No. 4]. For the

reasons stated below, the Court will grant the motion.

On May 20, 2016, the Court issued an Order advising plaintiff of his obligations under

the Federal Rules of Civil Procedure and the local rules of this Court to respond to the

defendant's motion. Specifically, the Court warned plaintiff that, if he failed to file an

opposition to the motion by June 20, 2016, the Court would treat the motion as conceded. To

date, plaintiff neither has filed any opposition to defendant's motion nor has requested more time

to do so. Mail sent to plaintiff at his address of record has not been returned by the United States

Postal Service. The Court, therefore, will treat defendant's motion as conceded. *See Fox v. Am.*

*Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004); LCvR 7(b).

If the Court were to consider the merits of defendant's motion, dismissal of the complaint

still is warranted. The Court is mindful that a complaint filed by a *pro se* litigant is held to a less

stringent standard than is applied to a formal pleading drafted by a lawyer. *See Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claims being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court has reviewed the complaint and finds that it is incomprehensible. All that can be deciphered is that plaintiff brings the case against the United States alleging constitutional violations and seeking monetary damages for which there facially does not appear to be a waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The complaint does not appear to state the ground upon which the Court's jurisdiction depends, or include a statement of a cognizable claim showing plaintiff's entitlement to relief, or set forth the basis of his demand for a judgment for $20 million. As drafted, the complaint fails to comply with Rule 8(a).

An Order consistent with this Memorandum Opinion is issued separately.


DATE: June 28, 2016                    /s/
                                       RUDOLPH CONTRERAS
                                       United States District Judge