# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY RAY JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-1476 (UNA) |
| | ) |
| FEDERAL GOVERNMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

This plaintiff appears to raise several claims on his own behalf and on behalf of his incarcerated sons. The Court is unable to determine what claims plaintiff intends to bring against which defendant or defendants. The complaint does not include a short and plain statement of plaintiff's entitlement to relief, and certainly does not articulate a claim to warrant an award of $1 trillion.

Insofar as plaintiff demands his sons' release from custody and an award of damages for their unlawful incarceration, the claims must be dismissed. "Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). Standing may be denied to a litigant who seeks to assert the rights of a third party. *Navegar*, 103 F.3d at 998. Here, plaintiff lacks standing to assert claims arising from the purported violation of his sons' rights. *See Alamo v. Clay*, 137 F.3d 1366, 1369 (D.C. Cir. 1998). Furthermore, dismissal is warranted because plaintiff is not an attorney and otherwise does not appear to be competent to bring this action on his sons' behalf. *See* 28 U.S.C. § 1654; *see Daigle v. Karnes*, No. 10-1264, 2010 WL 3294069, at *1 (D.D.C. Aug. 21, 2010).

The Court, therefore, will dismiss the complaint without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 6|25|17

United States District Judge