FILED

APR 30 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELGEN MENEFEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:19-cv-01042 (UNA) |
| v. | ) |
| | ) |
| ROBERT RUBIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant plaintiff's application to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a District of Columbia resident, sues approximately fourteen defendants, including, but not limited to: U.S Congress, the U.S. Senate, the U.S. House of Representatives,

1

former President Barack Obama, and former Secretary of Treasury Robert Rubin.[1] The intended causes of action and relief sought are wholly unclear. The complaint sorely fails to provide adequate notice of any claim. The pleading also fails to set forth allegations with respect to this Court's jurisdiction, or a valid basis for an award of damages. In fact, it is unclear what actual damages, if any, plaintiff has suffered. Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: April 29, 2019

United States District Judge

---

[1] It appears that plaintiff filed an identical or substantially similar matter that was previously dismissed by this Court, *see Menefee v. Rubin, et al.*, No. 98-cv-01554 (UNA) (D.D.C. dismissed Jun. 19, 1998), *aff'd*, No. 98-5529 (D.C. Cir. Apr. 14, 1999).