

**FILED**

6/29/2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ANBASA TRAZELL,                          )
                                         )
      Plaintiff,                       )
                                         )
      v.                               )     Civil Action No.   20-1609 (UNA)
                                         )
DISTRICT OF COLUMBIA,                    )
                                         )
      Defendant.                       )


**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF

No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant

the *in forma pauperis* application and dismiss the case because the complaint fails to meet the

minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied

to formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).  Still,

*pro se* litigants must comply with the Federal Rules of Civil Procedure.   *Jarrell v. Tisch,* 656 F.

Supp. 237,239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires

complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction

[and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355

F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair

notice of the claim being asserted so that they can prepare a responsive answer, mount an

adequate defense, and determine whether the doctrine of *res judicata* applies.  *Brown v.*

1

*Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  It also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a District of Columbia resident, has filed a Complaint for Declaratory and Injunctive Relief against the District of Columbia.  The complaint is nearly impossible to follow. Plaintiff begins: "In November 2019 it was discovered from a FOIA request that during the Department of Correction's hiring process, official forms were altered giving the presumption of unsuitability; thus, permanently barring complainant from employment."  Compl. at 2.  The wide-ranging allegations that follow are "rambling, disjointed, incoherent" and "confusing" and thus "patently fail [Rule 8(a)'s] standard[.]"  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Therefore, this case will be dismissed without prejudice.  A separate order accompanies this Memorandum Opinion.

SIGNED:     EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE:  June 29, 2020

2