

**FILED**

7/13/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TIMOTHY PARHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-0468 (UNA) |
| | ) | |
| CHARLES RETTIG. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It is apparent that plaintiff's complaint accomplishes none of these goals.

Plaintiff alleges that the Internal Revenue Service has "used the transmitting utility TIMOTHY JAMES PARHAM™ and [his] copyrighted name Timothy Parham© without [his] permission and without compensating [him] monetarily as outlined in private TRUST documents

attached to [his] revocable living trust and UCC-1 financial statement[.]" Am. Compl. at 1. He purports to allow the Internal Revenue Service to "steal any amount as long as [it] agree[s] to repay one-thousand (1000) times the amounts that [it has] deducted from [plaintiff's] wages retroactively." *Id*. at 1-2. Missing from the complaint, as amended, is a statement of a cognizable claim or a basis for the Court's jurisdiction. Because the complaint fails to comply with Rule 8(a), the Court will dismiss it without prejudice.

An Order consistent with this Memorandum Opinion is issued separately.


DATE: July 13, 2020                                    /s/
                                                       JAMES E. BOASBERG
                                                       United States District Judge