

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                        |     |                              |
| ---------------------- | --- | ---------------------------- |
| ANTONIO GENAO,         | )   |                              |
|                        | )   |                              |
| Plaintiff,             | )   |                              |
|                        | )   |                              |
| v.                     | )   | Civil Action No. 21-0683 (UNA) |
|                        | )   |                              |
| THE UNITED STATES,     | )   |                              |
|                        | )   |                              |
| Defendant.             | )   |                              |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

As drafted, the plaintiff's complaint fails to meet the minimal pleading standard set forth in Rule 8(a). The complaint itself alleges no facts, and taken together with its attachments, fails to articulate a single viable legal claim. Therefore, the Court will dismiss the complaint and this civil action without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: March 18, 2021