**Leonard JARRELL, Plaintiff,**

v.

**Preston R. TISCH, et al., Defendants.**

**Civ. A. No. 83–2939.**

United States District Court, District of Columbia.

Feb. 18, 1987.

Leonard Jarrell, Bethesda, Md., for plaintiff.

Robert E.L. Eaton, Jr., Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

JOHN GARRETT PENN, District Judge.

Plaintiff has filed a *pro se* complaint against his employer, the United States Postal Service, and several other named defendants, alleging inter alia, that they wrongfully maintained certain records about him. This Court and the appellate court on appeal have characterized the complaint as alleging violations under Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e *et seq.* (1982) and the Privacy Act, 5 U.S.C. § 552a (1982). Whether or not the complaint is limited to these two claims is the pivotal question raised in defendants' motion to dismiss. Additionally, plaintiff has pending before this Court two motions for partial summary judgment and a motion to continue previously named Postmaster Generals as defendants and automatically substitute the new Postmaster General. The Court addresses each motion individually as follows.

### 1. Defendants' Motion to Dismiss

Defendants' motion to dismiss seeks to dismiss all defendants sued in both their individual and official capacity except for the present Postmaster General sued in his official capacity. Defendants contend that plaintiff's complaint fails to state a claim and in the alternative plaintiff has failed to make proper service of process on defendants in their individual capacity. At the outset, the Court agrees that in Title VII actions the head of the agency is the only appropriate defendant. *Stephenson v. Simon,* 427 F.Supp. 467 (D.D.C.1976); *Davis v. Califano,* 613 F.2d 957, 958 n. 1 (D.C.Cir. 1979). The current Postmaster, sued in his official capacity as the legal embodiment of the Postal Service, would also be the appropriate defendant under the Privacy Act. *Bruce v. United States,* 621 F.2d 914, 916 n. 2 (8th Cir.1980). However, plaintiff insists that various postal officers, including the past Postmasters and Chief Inspectors, should remain as defendants liable in their official and individual capacities. He rea-

sons that no defendants should be removed at this time until an examination of the merits of the case has gone forth and the truth has been uncovered. Plaintiff is certainly entitled to discovery procedures which will assist him in defining the details of his claim or the scope of a defendant's involvement. He errs, however, when he concludes that "(t)his plaintiff has continually pleaded, and the Appeals Court has directly responded, that the issue be resolved as to the merit of the claim that corruption was involved in the due process under Title VII and the Privacy Act. Once that issue is resolved *the Court* would have a clear path to the roster of defendants, the applicable statutes, and the criminal penalties that might be assessed." Plaintiff's Opposition to Defendants' Motion to Dismiss, at 7. If plaintiff brings a suit under Title VII and the Privacy Act, all defendants except the Postmaster General must be dismissed. Although plaintiff's comments "suggests" that he asserts more, the complaint does not adequately define other claims.

▮ The Court is mindful that a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers. *Redwood v. Council of the District of Columbia*, 679 F.2d 931 (D.C. Cir.1982); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, this consideration does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert. Therefore, if plaintiff is asserting a claim for constitutional violations he should do so with the requisite specificity, so as to give defendants notice, plead the involvement of each defendant and clarify what constitutional right has been violated. *See Hobson v. Wilson*, 737 F.2d 1, 29 (D.C.Cir.1984) *cert. denied Brennan v. Hobson*, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985); *Butz v. Economou*, 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978). It is clear that a "Bivens" claim cannot be predicated on a *respondeat superior* theory of liability. *Boykin v. District of Columbia*, 689 F.2d 1092, 1097–99 (D.C.Cir.

1982); *Tarpley v. Green*, 684 F.2d 1, 9–11 (D.C.Cir.1982). In most cases, claims for constitutional violations are precluded by Title VII when they are related such that Title VII remedies sufficiently redress plaintiff's constitutional claims. *Neely v. Blumenthal*, 458 F.Supp. 945 (D.D.C.1978).

▮ Under the holding in *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), non-Title VII avenues of relief against federal government officials are generally preempted, but if a constitutional claim for damages vindicates interests not protected by Title VII then the *Brown* exclusion rule would not be applicable. *Neely*, 458 F.Supp. at 960. In the interest of justice, this Court will allow plaintiff to amend his complaint, if he so chooses, so as to make a more definite statement of claims against the individual defendants. The Court will reserve ruling on the motion to dismiss until plaintiff responds and then at that time the Court will be in a better position to assess whether defendants' preclusion argument is applicable.

▮ The Court notes the defendants persuasively argue that plaintiff has not properly served defendants in their individual capacities. The rules require proper service upon government officers in both their official and personal capacities pursuant to Fed.R.Civ.P. 4(d)(1) and (5). *Navy, Marshall & Gordon, P.C. v. United States International Development-Cooperation Agency*, 557 F.Supp. 484, 489–90 (D.D.C. 1983); *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C.1978). Plaintiff contends that defendants' have refused to reveal the addresses of those who have retired from the postal service. It is clear, however, that defendants have received notice of this suit and they did in fact respond with this motion to dismiss. In light of this response and in light of the fact that plaintiff is *pro se*, this Court finds that dismissal of the case for insufficient process is unwarranted. *Dixon v. Stephenson, Inc.*, 614 F.Supp. 60 (D.D.C.1985). The Court will allow plaintiff to amend service of process. It must be noted that if service of any

defendant at his dwelling house is the only effective means left after plaintiff attempts service by alternatives made available under Fed.R.Civ.P. 4(c)(2)(B)(i) and (ii), then defendants must attempt to create a viable alternative if they wish home addresses to remain confidential. *See also Billy v. Ashland Oil, Inc.*, 102 F.R.D. 230 (W.D.Pa.1984)

### 2. Plaintiff's May 22, 1985 Motion for Partial Summary Judgment.

Plaintiff's motion for partial summary judgment requests that the Department of Justice cease the illegal representation of all defendants. Without addressing the procedural deficiencies of the motion, the Court concludes that the basis for the motion is without merit and therefore will deny plaintiff's request. Plaintiff is obviously biased by his own foregone conclusion that the defendants have done something wrong and therefore it could not possibly be in the interest of the United States to defend them. There are many material issues of fact remaining as to defendants' culpability and clearly it is within the discretion of the Justice Department attorneys to decide whether to assert appropriate defenses for the named defendants. *See McKinney v. Whitfield*, C.A. No. 82–3016 (Dec. 5, 1984, D.D.C.).

### 3. Plaintiff's May 12, 1986 Motion For Partial Summary Judgment.

Plaintiff's May 12, 1986 motion for partial summary judgment not only lacks a statement of material facts not in dispute as required by Rule 108(h), it is unclear exactly why the motion was made. Plaintiff uses the motion to argue the same issues raised in other pleadings and then asserts that he believes "that (he has) met the requirement that (he) show that a misrepresentation of information has resulted from the defendants excising certain critical portions of documents". Plaintiff's Motion for Partial Summary Judgment (May 12, 1986) at 8. This Court agrees with defendants' conclusion that plaintiff has failed to identify what material has been "obliterated", that this is a material fact *not* in dispute, and what portions of the record support his assertions. Plaintiff

must follow the procedures as set forth in Fed.R.Civ.P. 56 and the Local Rules 108(h) if he expects the Court to understand exactly what genuine issues of material facts he contends are not in dispute and thereby decide as a matter of law, his summary judgment motion. After reading plaintiff's motion and the opposition thereto, even if plaintiff were to cure the procedural deficiencies there appear to be material issues of fact in dispute. If plaintiff believes that complying with the rules and supplementing the record would clearly show that no material issues of fact are in dispute then the Court will allow him to file papers accordingly. Plaintiff is on notice from this time forward that the Court will expect compliance with the rules if either party seeks the Court's consideration of any further motions for summary judgment.

### 4. Plaintiff's Notice of Addition of Defendants and Motion to Continue Previously Named Defendants.

Plaintiff moves to change the name of the current Postmaster General to that of Preston R. Tisch. The Court concedes that this change is warranted. Additionally, plaintiff moves to retain the names of Paul N. Carlin, Albert V. Casey and sue them in both their official and individual capacities. The Court will not deny plaintiff's motion on this point until plaintiff is given an opportunity to amend the complaint, as outlined in this memorandum, so that a more definite statement is provided on each defendant's involvement in whatever constitutional claim plaintiff may assert.

This Court will allow plaintiff ten (10) days to supplement the complaint or motions as set forth above. An order will then be issued on the pending motions unless the defendants believe a response is necessary. Additionally, after a review of the issues raised in this case and in another case filed by plaintiff against the Postmaster General in his official capacity, Civil Action No. 85–3156, the Court concludes that these cases should be consolidated from this time forward.