SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE
OFFICIAL REPORTERS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY HODGE,** | |
| Plaintiff, | Civil Action No. 12-cv-1412 (RLW) |
| v. | |
| **THE INVISIBLE EMPIRE, et al.,** | |
| Defendants. | |

## MEMORANDUM OPINION[1]

This matter comes before the Court on review of the plaintiff's *pro se* civil complaint. This Court issued an Order to Show Cause to plaintiff Larry Hodge because it appeared that his complaint failed to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. (Dkt. No. 4). On December 3, 2012 Mr. Hodge filed an amended complaint that is even more vague and conclusory than his first. (Dkt. No. 7). Accordingly, this Court will dismiss the case.

The Court acknowledges that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. Cf. Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). While certain statutes are cited on the face of Plaintiff's complaint, it is void of any factual detail and borders on the incoherent. Because the complaint does not establish the nature or basis of Plaintiff's claims, it fails to comply with the Federal Rules of Civil Procedure. "The dismissal of a complaint on the ground that it is unintelligible is unexceptionable." See, e.g., Robinson-Reeder v. Kearns, 818 F. Supp. 2d 61, 64 (D.D.C. 2011) (citations omitted). Mr. Hodge's pending motions (Dkt. Nos. 8 & 9) are **DENIED**.

A separate Order of dismissal accompanies this Memorandum Opinion.


SO ORDERED.

Date: December 12, 2012

_____
ROBERT L. WILKINS
United States District Judge