UNITED STATES DISTRICT COURT

STEVE MILLER,                                    )
                                                 )
                Plaintiff,                       )
                                                 )
        v.                                       )        Civil Action No.
                                                 )
ARIZONA DEPARTMENT OF CORRECTIONS,               )
                                                 )
                Defendant.                       )

**FILED**

JUL 1 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

14-1228

(UNA)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Plaintiff's complaint fails to meet this minimal pleading standard.

According to plaintiff, a former corrections officer, he was injured in March 2004, was unlawfully terminated, and was denied compensation for his injury. He demands an award of $3 million. Missing from the complaint, however, is any statement of the Court's jurisdiction.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States, *see* 28 U.S.C. § 1331, yet plaintiff fails to identify the statutory basis or the constitutional provision on which he relies. And even though the matter in controversy exceeds $75,000, and the suit is between citizens of different states, *see* 28 U.S.C. § 1332(a), it is doubtful that venue in this district is proper, *see* 28 U.S.C. § 1391. Lastly, because plaintiff has filed a similar claim in the United States District Court for the District of Nevada, *see Miller v. State of Arizona*, No. 2:14-cv-00628 (D. Nev. filed May 5, 2014), and that action remains open, the Court will dismiss this complaint without prejudice as duplicative.

An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE:

7/17/14