# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HUIXUAN ZHOU**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-cv-2155 (TSC) |
| | ) | |
| **MARK R. HERRING** et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Huixuan Zhou, dissatisfied with the outcome of a custody dispute litigated in Virginia involving her daughter and ex-husband, has filed at least seven federal lawsuits against persons involved in that litigation, including the Judge, a social worker, an attorney representing the social worker, the Clerk of the Court and the Court Appointed Special Advocate. *See Zhou v. Saxe*, 1:16-cv-26-GBL-IDD (E.D. Va. Apr. 29, 2016), ECF No. 7. In this case she raises many of the same claims as she raised in the other cases, but also names as defendants Virginia Attorney General Mark Herring, Virginia Deputy Attorney General Sam Towell, former Virginia Deputy Attorney General Rhodes Ritenour, Virginia Senior Assistant Attorney General Rita Davis, and Virginia Assistant Attorney Generals Nicholas Simopoulos and Erin R. McNeill.[1] For the reasons set forth below, the court will DISMISS this action without prejudice.

---

[1] Zhou filed a very similar Complaint in this court eight months ago against the same Defendants, but voluntarily dismissed the case before effectuating service of process. *See Zhou v. Herring*, 17cv-227-TSC. Zhou also filed a lawsuit against an attorney who apparently represented her ex-husband in their divorce and possibly in the custody case. *See Zhou v. Griffin*,

While the court recognizes that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alterations omitted).

Zhou's Complaint fails to meet the Rule 8(a) standard. Most of her thirty-five page Complaint involves alleged misconduct by judicial officials, public servants and medical professionals involved in her custody litigation. None of those individuals are named Defendants in this lawsuit. The few allegations she makes involving the Defendants in this case are undecipherable, and/or she fails to set forth any viable legal theory to support her allegations. Specifically, Zhou alleges that: (1) her daughter was "kidnapped by illegal means of being bribed government officials, such as, Mark R. Herring"; (2) she was unable to obtain a police report because of Herring; and (3) Herring harbored criminals. (Compl. pp. 1, 3). Zhou further alleges that all Defendants provided aid to the alleged kidnappers of her daughter, including the daughter's father, in exchange for monetary bribes, and engaged in unexplained misconduct that

17-cv-616-TSC. After the court issued an order to show cause why the action should not be transferred to Virginia for lack of venue, the case was dismissed on Zhou's motion.

led to dismissals of her prior lawsuits. (*Id*. pp. 6-8). These allegations are not sufficient to "give the defendant[s] fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555–56. As such, dismissal is appropriate pursuant to Rule 8(a).

Additionally, Zhou's claims do not appear to have any connection to the District of Columbia. The general federal venue statute provides that a civil action may be brought in

(1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located";

(2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or

(3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b). None of these criteria are met in this case because all of the allegedly illegal conduct appears to have occurred in Virginia.

In cases filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the basis of Zhou's claims is unclear, the court will exercise its discretion to dismiss this action, rather than transfer it to Virginia.

The Clerk of the Court shall mail a copy of this Memorandum Opinion to:

> **HUIXUAN ZHOU**
> 7215 Pine Drive
> Annandale, VA 22003

Date: October 23, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

Page **3** of **3**