FILED

APR 3 0 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

)
JOHN ROBERT DEMOS,            )
)
       Plaintiff,        )
)
      v.         )     Civil Action No. 1-19-cv-00253 (UNA)
)
UNITED STATES OF AMERICA, *et al.*,  )
)
      Defendants.    )
)

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has now complied with this Court's March 18, 2019 Order, ECF No. 6, supplying the requisite financial information pursuant to 28 U.S.C. 1915(a)(2). Therefore, the Court will grant plaintiff's application for leave to proceed *in forma pauperis* and will now turn to his complaint. The complaint will be dismissed for failure to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a prisoner designated to Washington State Penitentiary, located in Walla Walla, Washington, sues the United States, the United States (Washington D.C.), the U.S. Attorney General, the U.S. Solicitor General, the President of the United States, and the Speaker of the House of Representatives.

As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). The ambiguous and rambling allegations comprising the complaint fail to provide adequate notice of a claim. The pleading is mostly comprised of various abstract academic ruminations on disparate subjects including, but not limited to: U.S. treaties, Articles of the U.S. Constitution, federal statutes, and the powers of U.S. Congress and the U.S. Supreme Court. Additionally, plaintiff alleges a conspiracy wherein he suggests that [sic] "the District of Columbia is a corporation, a corporate enterprise controlled by the Getty's, Morgan's, Koch Brothers, Dupont's, Mellons, Vanderbilts, Kaisers, Carnegies, Rockefeller's Rothchild's, the Queen of England, the Vatican Bank, the De-Medici Family, and fellow banking elite." Plaintiff then goes on to list various grievances relating to his treatment at Washington State Penitentiary, however, he provides no supporting facts in this regard, nor any information as to how these bare allegations are related to the majority of the complaint. The causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this Court's jurisdiction, or a valid basis for an award of damages. In fact, is it is unclear what damages plaintiff seeks.

Therefore, the Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: April ___, 2019

_____
United States District Judge