**FILED**

6/30/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARTELL A. LeGRAND,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )          Civil Action No.  20-0528 (UNA)
                                   )
DEPARTMENT OF BEHAVIORAL           )
HEALTH, *et al.*,                  )
                                   )
          Defendants.              )

## MEMORANDUM OPINION

This matter is before the Court on review of this *pro se* plaintiff's application to proceed *in forma pauperis* and his civil complaint.  The Court must keep in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges that he is experiencing side effects from prescribed medication. Although he purports to bring a negligence claim against the manufacturer of the medication, he

does not name the manufacturer as a party defendant, or provide an address where the manufacturer can be served with process. Given the dearth of actual allegations set forth in the complaint, it is not clear what claim(s) plaintiff intends to bring against the two defendants he has named. As drafted, the complaint fails to meet Rule 8(a)'s minimal pleading standard.

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint and this civil action without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: June 29, 2020
/s/
EMMET G. SULLIVAN
United States District Judge