**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

AUG 17 2021

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

SHAUN RUSHING,             )
                                  )
          Plaintiff,         )
                                  )
     v.                    )      Civil Action No. 1:21-cv-02026 (UNA)
                                  )
N.A.A.C.P.,              )
                                  )
          Defendant.     )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a complaint and an accompanying application for leave to proceed *in forma pauperis* ("IFP"). Plaintiff is a resident of Grand Rapids, Michigan, and has sued the N.A.A.C.P., though provides no address for the defendant. Preliminarily, the Local Rules of this court state: "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(c). For reasons explained below, the court will grant the IFP application and dismiss the complaint pursuant to Federal Rule 8(a).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, the complaint merely alleges that plaintiff "was discriminated against by the N.A.A.C.P. [from] 2004–2007[,]" and that plaintiff "asked for assistance, etc.[,] [b]ut was ignored[.]" Plaintiff goes on to state that an unspecified "violation against [plaintiff] was clear and on the record." As a result, plaintiff seeks "110 trillion dollars." The remainder of the complaint is incomprehensible.

These ambiguous allegations fail to provide adequate notice of a claim. The causes of action, and authority relied upon, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's jurisdiction or venue, or a valid basis for an award of damages. In fact, it is unclear what actual damages, if any, plaintiff has suffered. While plaintiff mentions "discrimination," there is no articulation of the specific circumstances, location, context, or type, of any discrimination allegedly endured, or even who committed the alleged wrongdoing.

The complaint, therefore, fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and is dismissed without prejudice. A separate order of dismissal accompanies this memorandum opinion.

Date: August 17, 2021

/s/_____
 EMMET G. SULLIVAN
United States District Judge