**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DERRICK ALLEN, )
)
        Plaintiff, )
)   Civil Action No. 1:23-cv-02978 (UNA)
        v. )
)
N.C. DEPT. OF EMPLOYMENT )
SECURITY COMMISSION, et al., )
)
        Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, motion for leave to amend the complaint and proposed amended complaint, ECF Nos. 3, 3-1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant Plaintiff's IFP application, and it will also grant Plaintiff's motion for leave to amend complaint because, at this juncture, he is entitled to a single amendment of right. *See* Fed. R. Civ. P. 15(a)(1). After review, however, this matter will be dismissed without prejudice.

At the outset, the Court notes that Plaintiff appears to reside in the District of Columbia but is currently unhoused. While the Court is certainly understanding of Plaintiff's circumstances, the Local Rules of this Court nonetheless require that a *pro se* plaintiff must provide both their full residence address and telephone number in the caption of their first filing or risk dismissal. *See* D.C. LCvR 5.1(c)(1). Without this information, the Court cannot keep Plaintiff apprised regarding his case.

Next, Plaintiff alleges that, since his release from prison, he has struggled to attain gainful employment. He also alleges that he has applied for unemployment benefits in North Carolina and Virginia, but those attempts have been unsuccessful. As a result, he believes that he has suffered cruel and unusual punishment. He sues approximately 45 Defendants, none of which are

located in this District.  More specifically, he sues the North Carolina Department of Employment Security Commission and the North Carolina Department of Commerce, as well as 43 private entities.  He does not specify the relief he seeks, if any.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up).  Plaintiff's amended complaint falls within this category, failing to provide Defendants or this Court with notice of his intended claims or a clear basis for this Court's jurisdiction.

To that end, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331-1332.  As discussed, a plaintiff seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

A plaintiff's "allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Aktieselskabet AF 21. Nov.*

*2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted legal conclusions cast in the form of factual allegations because a complaint needs some information about the circumstances giving rise to the claims." (cleaned up)). Put differently, federal question jurisdiction "must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) (cleaned up). Here, Plaintiff's allegations do not raise any federal question. Although he mentions "cruel and unusual punishment" in passing, he provides no context or details necessary to state a cognizable Eighth Amendment claim. Nor does he cite to any authority to support his bare contention that his mere denial of employment opportunities or state benefits, without more, can form the basis for such a claim. Indeed, Plaintiff does not cite to any legal authority whatsoever.

And, while Plaintiff and Defendants appear to be of diverse citizenship, Plaintiff has not pleaded an amount in controversy, as necessary to establish diversity jurisdiction. *See* 28 U.S.C. § 1332.

The Court also notes that this matter presents no connection to the District of Columbia other than Plaintiff's residency in the District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred (or in which a substantial part of the property that is the subject of the action is situated), or (3) a district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. *Id.* § 1391(b); *see also id.* § 1406(a) (providing for dismissal or transfer for improper venue). None of Defendants are located in this District, and none of the events giving rise to this case, as far as they can even be understood,

occurred in this District.  Therefore, *assuming arguendo* this case was otherwise viable, it would need to be transferred and heard in another federal district.  *See id.* § 1406(a) (providing transfer or dismissal for improper venue).

The Court also notes that, to the extent that Plaintiff is challenging the denial of unemployment benefits by the states of North Carolina and Virginia, "his recourse lies, if at all," in those state courts.  *See Flores v. NYS Dep't of Lab./Unemployment*, No. 13-cv-687, 2013 WL 2099765, at *1 (D.D.C. May 13, 2013); *see also Collins v. Hess*, No. 21-cv-750, 2021 WL 3163615, at *12 (E.D. Va. June 23, 2021) (explaining the Virginia state mechanism by which a plaintiff may challenge the denial of unemployment benefits and explaining that "[o]nly after the [Virginia Employment Commission's] internal appellate process has been exhausted is judicial review appropriate, at which point a plaintiff may file an action in the circuit court of the county or city in which the individual who filed the claim was last employed—not in federal court" (cleaned up)), *aff'd*, No. 21-1800, 2021 WL 6101649 (4th Cir. Dec. 22, 2021); *Gwaltney v. NC Dep't of Com.*, No. 16-cv-150, 2016 WL 913150, at *2 (M.D.N.C. Mar. 9, 2016) (reasoning that a federal court lacks subject matter jurisdiction over a plaintiff's challenge to the denial of unemployment benefits in North Carolina, which must be appealed in state court).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  November 30, 2023

/s/_____
ANA C. REYES
United States District Judge