# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TAMIKA BENSON MARSHALL, )
           )
       Plaintiff, )
           )
       v. )      Civil Action No.  1:24-cv-02369 (UNA)
           )
ANGELA SPLUNGE, )
           )
           )
       Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2.  For the reasons explained below, the Court denies Plaintiff's IFP application and dismisses this matter without prejudice.

At the outset, the Court notes that Plaintiff's IFP application is not captioned for this Court––it is captioned for the United States District Court for the Northern District of Alabama.  *See* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g).  Furthermore, it is largely blank, failing to apprise the Court of Plaintiff's current financial circumstances.  *See* generally IFP App.  Therefore, Plaintiff has fallen short of establishing that she qualifies for IFP status at this time.  *See* 28 U.S.C. § 1915(a)(1).

Plaintiff's complaint is also not captioned for this court—the caption is left blank, again contravening Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g), and the pleading is also unsigned, in contravention of Fed. R. Civ. P. 11(a).  *See generally* Compl. Furthermore, Plaintiff only provided a partial address for herself and the Defendant, contravening D.C. LCvR 5.1(c)(1) and 5.1(g).  *See id.* at 1.

Plaintiff's allegations fare no better. Plaintiff, who appears to reside somewhere in Alabama, sues an individual defendant, who also appears to reside in Alabama. *See id*. Plaintiff does not cite to any legal authority, and merely states without context, that Defendant "hacked into [Plaintiff's] phone [and is] harassing [her]." *See id*. at 1. The remainder of the complaint is blank, with no facts or details necessary to state, or even so much as infer, a legal claim. Indeed, the relief sought is unknown.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor Defendant can reasonably be expected to understand Plaintiff's claims, as her allegations fall well short of stating a plausible claim.

And even if Plaintiff had stated a claim, as presented, this matter presents no connection to the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). All parties appear to be located in Alabama, and there is absolutely no indication that the alleged events or omissions occurred in this District.

Consequently, the Court dismisses this case without prejudice.  A separate order accompanies this memorandum opinion.

Date:  November 20, 2024

/s/_____
ANA C. REYES
United States District Judge