**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TAMIKA BENSON MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-02368 (UNA) |
| | ) | |
| CHRYSLER DODGE JEEP RAM, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2. For the reasons explained below, the Court denies Plaintiff's IFP application and dismisses this matter without prejudice.

At the outset, the Court notes that Plaintiff's IFP application is not captioned for this court and instead captioned for the United States District Court for the Northern District of Alabama. *See* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g). Furthermore, it is largely blank, failing to apprise the Court of Plaintiff's current financial circumstances. *See generally* IFP App. Therefore, Plaintiff has fallen short of establishing that she qualifies for IFP status at this time. *See* 28 U.S.C. § 1915(a)(1).

Plaintiff's Complaint is also not captioned for this Court—the caption is left blank, again contravening Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g), and the pleading is also unsigned, in contravention of Fed. R. Civ. P. 11(a). *See generally* Compl. Furthermore, Plaintiff provided only a partial address for herself and partial names and addresses for the Defendants, contravening D.C. LCvR 5.1(c)(1) and 5.1(g). *See id.* at 1–3.

The allegations fare no better. Plaintiff, who appears to reside somewhere in Alabama, sues five Defendants, all seemingly located in Alabama. *See id*. She purports to bring this case pursuant to both *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983, *see id*. at 3, stating without context that she "is not a criminal there is a neighbor that hacked [her] phone claiming to be law enforcement he is the criminal," *see id.* at 4. She also contends that "this guy is absolutely nuts. He has filed grievances and tried to file fraudulent charges against [her] and he's harassing and stalking [her]." *Id*. The remainder of the Complaint is blank, with no facts or details necessary to state, or even so much as infer, a legal claim. Indeed, the relief sought is unknown.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor Defendants, assuming *arguendo* they could be identified, can reasonably be expected to understand Plaintiff's claims, as her allegations fall well short of stating a plausible claim.

And even if Plaintiff had stated a claim, as presented, this matter presents no connection to the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or

a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b).  All of the parties appear to be located in Alabama, and there is absolutely no indication that any of the alleged events or omissions occurred in this District.

Consequently, this case is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:  November 20, 2024

/s/_____
ANA C. REYES
United States District Judge