# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RAVEL FERRERA PARRA,      )
                  )
       Plaintiff,      )
                  )
     v.            )    Civil Action No. 25-01596 (UNA)
                  )
                  )
UNITED STATES DEPARTMENT      )
OF AGRICULTURE *et al.*,      )
                  )
       Defendants.      )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis* (IFP), ECF No. 2. For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff, a resident of South Bound Brook, New Jersey, sues the U.S. Departments of Agriculture, Housing and Urban Development, Health and Human Services, and Justice. Plaintiff "seeks declaratory, injunctive, and monetary relief against federal agencies that failed to supervise, investigate, or correct unlawful conduct within [certain] federally funded benefit programs . . . administered through the Work First New Jersey (WFNJ) system." Compl. at 1. Plaintiff contends that "[t]his action is materially distinct" from his complaint filed in the U.S. District Court for the District of New Jersey asserting "direct claims against" the New Jersey Department of Human Services and other state and local defendants, although "both actions concern overlapping factual events." *Id*. at 9-10. Here, the "legal claims arise from federal inaction under statutes including" the Administrative Procedure Act, the Freedom of Information Act, the Americans with Disabilities Act, the False Claims Act, and 42 U.S.C. § 1983. *Id*. at 10.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Plaintiff has not alleged a coherent set of facts to give each Defendant "fair notice of what the claim is and the grounds upon which it rests[.]" *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up). Contrary to what is required, Plaintiff's prolix Complaint and Supplemental Memorandums, ECF Nos. 6, 8, present "an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions" about his unfortunate experiences with New Jersey's federally funded benefit programs. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citations omitted); *see* Compl. at 1, ¶ 2 (alleging that Plaintiff "is a disabled and indigent New Jersey resident who was denied access to shelter, food, and public assistance after being subjected to unlawful eligibility standards, digital manipulation of public policy, and repeated retaliation" while "preparing for urgent brain surgery"); Compl. at 2, ¶ 7 (complaint seeks "to address supervisory negligence and structural misconduct by federal agencies tasked with safeguarding the integrity of programs affecting the most vulnerable Americans").

Under "Jurisdiction and Venue," Plaintiff asserts (1) that this "case involves agency inaction in response to [his] verified complaints" submitted to the Defendants "headquartered in Washington, D.C.," and (2) that Defendants' "failure to investigate, correct, or supervise unlawful state conduct occurred within this jurisdiction." Compl. at 3. To the extent Plaintiff seeks an order to compel an investigation, such decisions are "generally committed to an agency's absolute discretion," *Heckler v. Chaney*, 470 U.S. 821, 831 (1985), and are "presumptively immune from judicial review," *Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995), absent clear authority not apparent here. Therefore, this case will be dismissed by separate order.

_____/s/_____
JIA M. COBB

Date: August 19, 2025

United States District Judge

3