# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| LEO WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 25-cv-01812 (UNA) |
| | ) | |
| DR. MORORTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application and, for the reasons explained below, it dismisses this matter without prejudice.

At the outset, the Court notes that Plaintiff lists an address in Washington, D.C., but then states that he is a resident of Maryland. *See* Compl. at 1, 3. Similarly, he sues a physician who appears to work at the VA Medical Center, located in the District, but the Complaint also suggests that Defendant is located in Maryland. *See id*. at 2. This information falls short of the requirements set forth in D.C. LCvR 5.1(c)(1).

The allegations themselves fare no better. Plaintiff alleges only that he suffered a "false statement on [a] government document without the writing of the truth." Compl. at 3, 4. He goes on to list a series of medical diagnoses, insofar as they can be understood, and he demands $1 million in damages. *See id*. at 4.

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor the Defendant can reasonably be expected to identify Plaintiff's claims, and the allegations fall well short of establishing the Court's subject matter jurisdiction.

For these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: August 19, 2025 

_____/s/_____
JIA M. COBB
United States District Judge