## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARVIN KNIGHT,            )
                                 )
         Plaintiff,        )
                                 )
      v.                  )      Civil Action No. 25-03404 (UNA)
                                 )
                                 )
BREAD FOR THE CITY,      )
                                 )
         Defendant.     )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff, a resident of Washington, D.C., sues a non-profit organization in the District of Columbia. *See* Compl., ECF No. 1 at 3-4. He alleges "this factual claim been going on since 2009 of June" and suggests that Defendant has violated Section 504 of the Rehabilitation Act without alleging facts stating how and when. *Id*. at 4. Plaintiff seeks "lost wages from being denied legal representation" seemingly to obtain "public benefit[s]" and/or medical treatment. *Id*.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff's vague allegations fail to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up). Therefore, this case will be dismissed by separate order.

TREVOR N. McFADDEN

Date: November 19, 2025                United States District Judge