# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALKA AMBRIEL PITTMAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:25-cv-03574 (UNA) |
| UNITED STATES OF AMERICA, et al., | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

This matter is before the Court for preliminary review of Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2, and his *pro se* Complaint ("Compl."), ECF No. 1. The Court grants the IFP Application, and for the reasons explained below, it dismisses this matter.

Plaintiff, a resident of the Louisiana, sues the United States and several of its agencies, as well as the states of Louisiana and Mississippi. *See* Compl. at 1–2, 12–15. At root, Plaintiff challenges the outcome of child-custody proceedings held in the 22nd Judicial District of Louisiana, which she contends is violative of her constitutional rights and constitutes "genocide." *See id.* at 4, 15–24. She seeks assorted equitable relief and damages. *See id.* at 21–23.

First, the Court notes that the claims against Louisiana and Mississippi are barred by *res judicata*. "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). And a court may dismiss a claim or issue *sua sponte* when it is on notice that that the claim or issue has been previously decided, in an effort to prevent "unnecessary judicial

waste." *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation marks omitted)).  More specifically, *res judicata* and collateral estoppel "are so integral to the administration of the courts that a court may invoke [them] *sua sponte*[,]" *Fenwick v. United States*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (alterations in original) (citations omitted), because the Court bears a responsibility to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation[,]" *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Here, Plaintiff filed a substantially similar lawsuit against Louisiana and Mississippi, and others, in the U.S. District Court for the Eastern District of Louisiana.  *See Pittman v. Campbell, et* al., No. 24-2168 (E.D. La. filed Sept. 4, 2024).[1]  The claims against both Defendants were dismissed with prejudice in that matter.  *See id.* at ECF No. 31 (Dismissal Order  (Jan. 31, 2025); ECF No. 32 (Judgment) (Jan. 31, 2025).  Whether a case is duplicative turns on whether the two cases at issue share the same "nucleus of facts." *Drake v. Fed. Aviation Admin*., 291 F.3d 59, 66 (D.C. Cir. 2002) (citation omitted).  And a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that "were or *could have been* raised in that action." *Drake*, 291 F.3d at 66 (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see also Apotex, Inc. v. Food & Drug Admin.,* 393 F.3d 210, 218 (D.C. Cir. 2004).  There is no question that this matter arises out of the same claims raised in Plaintiff's prior case against Louisiana and Mississippi, and the final adjudication of that lawsuit thus bears preclusive effect on the claims against them in this matter.

---

[1]  A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

Even if Plaintiff could overcome that hurdle, she has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331, 1332. Relevant here, federal district courts generally lack jurisdiction to review or interfere with judicial decisions made by state and local courts, and Plaintiff cannot now circumvent that prohibition by bringing this matter under the auspices of federal legal authority or against a federal defendant. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996). Indeed, the domestic relations exception deprives a federal district court of the power to issue or modify child custody decrees, *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to independently decide child support obligations or custody determinations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982). Because state custody determinations fail to implicate any constitutional or federal statutory right, they must be contested in the local court where the proceedings were held. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981); *see also Bennett*, 682 F.2d at 1042.

Finally, the claims against the United States are nebulous, at best. *Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it

does not fulfill the requirements of Rule 8. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

The intended claims against the United States fall squarely within this category. Although Plaintiff alleges that the federal government has violated myriad federal and international civil and criminal laws, the Complaint lacks any supporting details provided to support a single cognizable claim against the United States. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead factual matter that permits the court to infer more than the mere possibility of [defendant's] misconduct," *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (citation omitted). In the Complaint, Plaintiff offers *less* than threadbare allegations and recitations against the United States, falling well short of the required pleading standard.

For all of these reasons, Complaint, ECF No. 1, and this case, are dismissed. A separate Order accompanies this Memorandum Opinion.

Date:  January 2, 2026

/s/_____
ANA C. REYES
United States District Judge