**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT R. MATTHEWS, )
)
Plaintiff, )
)
v. ) Civil Action No. 26-0405 (UNA)
)
DISTRICT OF COLUMBIA PUBLIC LIBRARY, )
)
Defendant. )

**Memorandum Opinion**

This matter is before the court on initial review of Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and complaint, ECF No. 1. For the reasons below, the court grants the application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief the pleader seeks. Fed. R. Civ. P. 8(a). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This ensures the defendant has "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

Plaintiff's complaint fails to give minimum notice of any cognizable claim or to establish this court's subject matter jurisdiction. Plaintiff appears to allege that employees of the District of

1

Columbia Public Library have engaged in "Privileged Accesses Abuse and Felony Criminal Law Violations Continuously for a Period of Time Greater Than 3,931 Days and Nights 24/7 Continuously." ECF No. 1 at 2. He describes his complaint as "a report of misuse of government resources including utilization of government electronic equipment for the purpose of committing a crime of continuously conducting an illegal search and seizure impersonating a police officer without a court order or subpoena signed by a Judge, stalking criminal harassment and interstate stalking." *Id.* at 5. These vague and conclusory allegations of wrongdoing are insufficient to provide "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up); *see also Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (explaining that "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated" does not "comport with the standards of Rule 8").

For these reasons, the court dismisses the complaint without prejudice. A separate order accompanies this memorandum opinion.

/s/
AMIR H. ALI
United States District Judge

DATE: April 17, 2026

2