# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARMELA A. SCIABARRA, *et al.*,      )
          )
       Plaintiffs,      )
          )
     v.      )      Civil Action No. 25-1793 (UNA)
          )
DTLR, *et al.*,      )
          )
       Defendants.      )

### **Memorandum Opinion**

This matter is before the court on Plaintiff Livia M. Scotto's application to proceed *in forma pauperis*, ECF No. 3, and the *pro se* complaint, ECF No. 1. For the reasons below, the court grants the application and dismisses the complaint without prejudice.[1]

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief the pleader seeks. Fed. R. Civ. P. 8(a). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This ensures

---

[1] This case also appears to be brought by Carmela A. Sciabarra. *See* ECF No. 1. However, Sciabarra did not file an application to proceed *in forma pauperis*. Accordingly, the application is granted only on behalf of Scotto.

the defendants have "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

Plaintiffs' complaint fails to give minimum notice of any cognizable claim or to establish this court's subject matter jurisdiction. The complaint consists of an assortment of unexplained exhibits, including court documents from other cases, vehicle warranty and service information, and a complaint to the Florida Bar. *See, e.g.*, ECF No. 1-2 at 3; ECF No. 1-3 at 7–19, 37–55. Plaintiff's complaint is wholly insufficient to provide "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). Additionally, where, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated," it does not fulfill the requirements of Rule 8. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

/s/
AMIR H. ALI
United States District Judge

DATE: April 21, 2026