# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSE L. CANALES CANCEL,      )
                               )
        Plaintiff,         )
                               )
        v.              )      Civil Action No. 1:24-cv-02384 (UNA)
                               )
U.S. DEPARTMENT OF HEALTH    )
AND HUMAN SERVICES, et al.,     )
                               )
                               )
        Defendants.     )

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and his application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application, and as explained below, it dismisses this matter without prejudice. *See* Fed. R. Civ. P. 8(a), 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a resident of Puerto Rico, sues the United States Department of Health and Human Services ("HHS"), and several of its officials, for $250,000 in damages. *See* Compl. at 1–4. The complaint is far from a model of clarity. Plaintiff broadly alleges that HHS has abused its power, discriminated against him, disparaged him, engaged in misrepresentation, coercion, and "detraction," and he accuses its staff of being "professional gaslighters." *See id.* at 4. He then attaches screenshots of the purported salary of an HHS attorney, whom plaintiff contends earns too much. *See id.* at 6–8. Finally, plaintiff alleges that a medical group located in Puerto Rico, and its providers—none of whom are named as defendants—denied him services in violation of his civil rights, by "invalidating" his "total and permanent disability" benefits, due to the way it filled out his medical forms. *See id.* at 9. It appears that plaintiff may have reported this medical

provider to HHS's Office for Civil Rights ("OCR"), and he is now dissatisfied with OCR's response. *See id.*

First, *pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

Second, sovereign immunity bars a suit against the United States, its agencies, and its officials, except upon consent, which must be clear and unequivocal. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Clark v. Library of Congress*, 750 F.2d 89, 102–04 (D.C. Cir. 1984). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, plaintiff has neither

pleaded nor established that defendants have expressly consented to be sued for damages. And, relevant here, there is no waiver of sovereign immunity for constitutional claims, *see FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994), or for alleged "an act or omission" of a federal employee "based upon the . . . performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused[,]" *see* 28 U.S.C. § 2680(a); *Auleta v. United States*, 80 F. Supp. 3d 198, 203 (D.D.C. 2015). Nor is there any waiver for alleged intentional torts. *See* 28 U.S.C. § 2680(h); *Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018).

For all of these reasons, this matter will be dismissed without prejudice. Plaintiff's motion for appointment of counsel, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date: November 22, 2024

/s/_____
ANA C. REYES
United States District Judge