# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOSHUA SEAN ESCOBAR,       )

                         )

      Plaintiff,          )

                         )

      v.              )         Civil Action No. 25-0875 (UNA)

                         )

                         )

KNOWN BY THE UNITED STATES,    )

                         )

      Defendant.       )

## MEMORANDUM OPINION

This matter is before the court on plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court grants the application and dismisses the complaint without prejudice.

The Court holds a *pro se* complaint to a "less stringent standard[]" than is applied to a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court dismisses the complaint for the simple reason that there are no factual allegations supporting an actual legal claim. Rather, the "Statement of Claim" section states:

> There [sic] saying on a neuro device that imgoing [sic] through betray and degrade. There's been beatings, poisonings, and assaults with bodily fluids. All over the U.S.

Compl. at 4. It is unclear what happened to plaintiff, who is responsible for whatever happened to plaintiff, or when and where any relevant incident occurred. As drafted, the complaint falls well short of Rule 8's minimal pleading standard, and the Court will dismiss it without prejudice. A separate order accompanies this Memorandum Opinion.

DATE: March 27, 2025                    /s/
                                        CHRISTOPHER R. COOPER
                                        United States District Judge