**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OLHA NOHA, )
                   )
            Plaintiff, )
                   )
       v. )         Civil Action No. 1:25-cv-01994 (UNA)
                   )
SEAN DUFFY, et al., )
                   )
                   )
            Defendants. )

**MEMORANDUM OPINION**

Plaintiff, who has submitted at least 17 mostly cryptic complaints in this Court in less than four months, has filed a *pro se* Complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, in the instant matter. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues the United States Secretary of Transportation and Christine Wizer, who is apparently associated with the Maryland Motor Vehicle Administration. *See* Compl. at 1–2. The Complaint is vague and spare. Plaintiff sets forth a mere single statement, "driver's license," and demands $2 million in damages. *See id.* at 4. No other information or is provided.

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d

661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor the Defendants can reasonably be expected to identify Plaintiff's intended claims, nor has Plaintiff established this Court's subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Although Plaintiff has also, in the interim, submitted numerous subsequent notices containing random additional blurbs of information, contextless references to legal authority, and proposed exhibits, all ostensibly intended to amend or supplement the Complaint, *see, e.g.*, Notices, ECF Nos. 3, 6, 7, 8; Motion to Add Claims, ECF No. 4, these proposed additions fail to comply with Federal Rule 15(a) or D.C. Local Civil Rule 7(i) or 15(i), and to that same end, "Plaintiff's [C]omplaint is not the legal equivalent of a LEGO set, something to be recreated," at her whim and in piecemeal fashion, *see Whitman v. Dep't of Army*, No. 21-03163, 2023 WL 3844603, at *2 (D.D.C. June 5, 2023). Even if these submissions were procedurally sound, they are largely incomprehensible, failing to improve Plaintiff's intended claims.

For all these reasons, this matter is dismissed without prejudice. Plaintiff's Motion to Add Claims, ECF No. 4, is denied as futile, and her other pending Motions, ECF Nos. 5, 9, are denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:  August 5, 2025

_____/s/_____
JIA M. COBB
United States District Judge