# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TERRI POWELL,                          )
                                       )
    Plaintiff,             )
                                       )
v.                                     )   Civil Action No.  1:25-cv-02795 (UNA)
                                       )
JHONNY MERINO, et al.,                 )
                                       )
    Defendants.            )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application, and for the reasons discussed below, it dismisses the Complaint without prejudice.

Plaintiff, who provides only a P.O. Box, states that she is resident of the District of Columbia,[1] sues the American Legion (located in Indianapolis, Indiana), American Legion Post 108 (located in Cheverly, Maryland), and Post 108's Commander and two of its bartenders. *See* Compl. at 1–4. Plaintiff purports to raise claims for assault, defamation, libel, and slander. *See id.* at 3. She vaguely alleges only that "Defendants used false statements to others in order to destroy the Plaintiff's reputation, and cancel her American Legion Membership." *Id*. at 3. She contends that she has endured pain and suffering and demands $100,000. *See id*. at 4.

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires

---

[1] The Local Rules of this Court requires a plaintiff to, *inter alia*, provide a full residence address in her first filing, and use of a P.O. Box is allowed only upon leave of Court, *see* D.C. LCvR 5.1(c)(1), which Plaintiff has not sought in this case. Notwithstanding this failure, the Court will *sua sponte* grant Plaintiff leave to use the P.O. Box in this circumstance because she indicates that her physical location is protected pursuant to a protective order. *See* Compl. at 1.

complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, the Complaint fails to provide Defendants or this Court with notice of Plaintiff's intended claims. It is unclear how, when, why, or where the Defendants allegedly defamed Plaintiff, nor are her boilerplate allegations particularized for any given Defendant. And she provides no factual support whatsoever for her intended assault claim. As here, "threadbare recitals" that "supported by mere conclusory statements" are insufficient to state a claim. *See Iqbal,* 556 U.S. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (cleaned up), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79; *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc*., 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

For these reasons, this case is dismissed without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.

Date: December 1, 2025

TREVOR N. McFADDEN
United States District Judge