**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT R. MATTHEWS, )
)
Plaintiff, )
)
v. ) Civil Action No. 26-0404 (UNA)
)
CENTRAL COLLECTIONS UNIT OFFICE )
OF FINANCE & TREASURY, )
)
Defendant. )

**<u>Memorandum Opinion</u>**

This matter is before the court on initial review of Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The court will grant the application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they

1

can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff characterizes his complaint as "a report of misuse of government resources including utilization of government electronic radio-frequency (RF) equipment for the purpose of committing a crime of continuously conducting an illegal search and seizure impersonating a police officer without a court order or subpoena signed by a Judge, stalking criminal harassment and interstate stalking." ECF No. 1 at 5. He cites provisions of the District of Columbia Code and police reports, yet it is unclear whether or how they relate to this case. Without a statement of claim showing an entitlement to relief and a demand for relief, this complaint fails to meet Rule 8's minimum pleading standard.

The court, therefore, will dismiss the complaint without prejudice. A separate order accompanies this memorandum opinion.

/s/
AMIR H. ALI
United States District Judge

DATE: April 13, 2026

2