**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON BLAKE RABEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 26-0859 (UNA) |
| | ) |
| CITY OF PASADENA, TX, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of

1

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff brings this civil action against the City of Pasadena, Texas. *See* Compl. at 2. The nature of plaintiff's legal claims is unclear. The complaint's Statement of Claim reads:

> REQUEST OF COMMUNICATIONS, APPOINTMENT OF MASTERS/MAGISTRATE PRETRIAL CONFERENCES CONFER[ENCES], PRE-TRIAL EXAMINATION FOR PROPOSED CONCEPTS OF STATUTE OF LIMITATIONS VS. LIABILITY

*Id*. at 4. Missing, then, is a statement showing that plaintiff is entitled to relief, and plaintiff's demand for "INJUNCTIVE RELIEF, WITSEC," *id*., is not meaningful.

The Court concludes that the complaint fails to meet Rule 8's minimal standard, and dismisses the complaint without prejudice. A separate order will issue.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE: April 14, 2026