# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTHONY BRIAN MALLGREN,     )
                                    )
        Plaintiff,              )
                                    )
      v.                     )        Civil Action No. 1:26-cv-01013 (UNA)
                                    )
UNITED STATES OF AMERICA,     )
                                    )
        Defendant.        )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses the Complaint, and this matter, without prejudice.

Plaintiff, a resident of New York, sues the United States. *See* Compl. at 1. The Complaint is difficult to follow, consisting of a laundry list of assorted grievances. *See generally id.* First, Plaintiff broadly alleges that he "has faced widespread unresolved employment discrimination, including by the federal government," in various sectors. *See id.* at 1. Second, he alleges that he is dissatisfied with the lack of response from the legislature when he has attempted to "engage" in "government representation." *See id.* at 2. Third, he addresses concerns with his landlord. *See id.* Fourth, he challenges the grading systems instituted by State University of New York and City University of New York. *See id.* at 3. Fifth, he states that "the United States Second Circuit (including the district courts), are involved in the sponsorship of select parties rather than the administration of justice," and alleges that the federal courts are inaccessible to some. *See id.* at 3–4. Sixth, he discusses the mental health field and his feeling that the "government is seemingly of the opinion that because they have a fear of death, that others are not allowed to die," with

respect to "medically assisted suicide." *See id*. at 4. Finally, he covers a variety of other miscellaneous topics, expressing his general concerns and ideas regarding "digital citizenship," corporations, the "finance industry," distribution of wealth, the potential insolvency of the Social Security Administration, "undeveloped land, and unutilized resources throughout the nation," land development, and "mismanagement" of "market resources." *See id.* at 2–4. He demands equitable relief. *See id.* at 5.

*Pro se* litigants must comply with the Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations are neither clear nor direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort*

*Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's Complaint falls squarely into this category, failing to provide the Court or the Defendant with adequate notice of a claim, and falling short of establishing the Court's subject matter jurisdiction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *see also Iqbal*, 556 U.S. at 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.


DATE: June 1, 2026                         /s/ CHRISTOPHER R. COOPER
                                                    United States District Judge