# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTHONY BRIAN MALLGREN,    )
                       )
        Plaintiff,        )
                       )
        v.             )      Civil Action No. 1:26-cv-01012 (UNA)
                       )
UNITED STATES OF AMERICA,    )
                       )
        Defendant.    )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses the Complaint, and this matter, without prejudice.

Plaintiff, a resident of New York, sues the United States. *See* Compl. at 1. The Complaint is difficult to follow, consisting of a laundry list of assorted grievances. *See generally id.* First, Plaintiff alleges that his mailbox was broken into and that someone stole his mail. *See id.* at 1–2. Second, Plaintiff pivots to the city of New York itself, alleging that "'New York City Managers'[] began questioning what Anthony Brian Mallgren, petitioner, was doing ('Activity Questioning')[,]" but then "rebuked [his] Activity Response," causing him to check into Bellevue Hospital "under duress." *See id.* at 2. Third, he alleges that, while at Bellevue, his roommate attempted to murder him. Fourth, Plaintiff contends that, due to the "rebuke" and the corruption "charges [that] were brought up against Mayor Eric Adams," he "sought asylum in Switzerland." *See id.* Finally, Plaintiff asserts that he faced adversity with Swiss authorities, and then more adversity in Florida and Texas, related to the confiscation, return, and eventual theft of his passport, and the loss of his wallet, which caused him to incur fees and interest and to close his bank account.

*See id*. at 3. He believes that the United States is responsible for all of the alleged events, "and believes the federal court not to be a federal court at all, but a guise hiding under English based legal principles, ultimately setup in an attempt to appease the general public while committing large scale fraud ('Waste of Life')." *See id*. at 4. He demands equitable relief and $10,000 in damages. *See id.*

*Pro se* litigants must comply with the Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations are neither clear nor direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks

omitted). Plaintiff's Complaint falls squarely into this category, failing to provide the Court or the Defendant with adequate notice of a claim, and falling short of establishing the Court's subject matter jurisdiction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *see also Iqbal*, 556 U.S. at 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: June 1, 2026                    /s/ CHRISTOPHER R. COOPER
                                      United States District Judge